IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAIME MELENDEZ TORRES,

    Plaintiff,

v.                                                          CIV. No. 15-0541 LH/KBM

JUAN ALTAMIRANO d/b/a
CROSS COUNTRY AUTO and
CNA SURETY d/b/a WESTERN SURETY CO.,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its Order to Show Cause (*Doc. 31*) directed at Defendant Juan Altamirano d/b/a Cross Country Auto ("Defendant Altamirano"), which was issued on March 9, 2016. Defendant Altamirano's show-cause response was due by March 21, 2016, at 5:00 p.m.; however, he failed to respond in any way. Accordingly, I recommend that default judgment be entered against Defendant Altamirano pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) and the Court's inherent authority.

On October 29, 2015, a Clerk's Entry of Default was entered as to Plaintiff's claims against Defendant Altamirano, who, at that time, had failed to plead or otherwise defend the claims against him. *See Doc. 7*. Thereafter, Plaintiff moved to vacate that Clerk's Entry of Default against Defendant Altamirano and sought an extension of time to properly serve him. *Doc. 13.* Around the same time, Defendant Altamirano filed an Answer, *pro se*, though he did not sign the pleading. *See Doc. 14.* The Court granted Plaintiff's motion to vacate the entry of default, found his motion for extension of time for

1

service moot, and directed Defendant Altamirano to file a signed answer. *Doc. 15.* Defendant Altamirano filed a signed Amended Answer on February 12, 2016. *Doc. 21.*

In the meantime, the Court issued its Initial Scheduling Order (*Doc. 16*) on January 25, 2016, ordering the parties to "meet and confer" no later than February 16, 2016, to formulate a provisional discovery plan and to cooperate in preparing a Joint Status Report and Provisional Discovery Plan ("JSR"), which was to be filed no later than March 1, 2016. *Id.* The Court also set a Telephonic Rule 16 Initial Scheduling Conference for Tuesday, March 8, 2016, at 3:00 p.m. *Id.*

In the submitted JSR, counsel for Plaintiff and counsel for Defendant CNA Surety d/b/a Western Surety Co. ("Defendant CNA") indicated that Defendant Altamirano appeared telephonically for the meet and confer scheduled for February 15, 2016, but requested that the conference be reset. *See Doc. 27* at 1. The parties agreed to reset the conference for the following day. *Id.* Defendant Altamirano and both counsel again appeared telephonically for the conference, and Defendant Altamirano again requested that the conference be reset, this time for the same afternoon. *Id.* Both counsel once again obliged; however, Defendant Altamirano failed to appear at the conference, which had been reset at his request for February 16, 2016, at 2:00 p.m. *Id.* Defendant Altamirano made no subsequent attempts to contact counsel for Plaintiff or counsel for Defendant Western Surety prior to the filing of the JSR. *Id.*

That same day, February 16, 2016, a Clerk's Entry of Default was entered against Defendant Altamirano as to Defendant CNA's cross-claims against him for indemnification. *Doc. 22*. Although by that time he had filed both an unsigned Answer

and signed, Amended Answer to Plaintiff's Complaint, he had not responded in any way to the cross-claims asserted against him by Defendant CNA.

Defendant Altamirano failed to appear at the Telephonic Rule 16 Initial Scheduling Conference held by the Court on March 8, 2016. Counsel for Defendant CNA explained that she had corresponded with him prior to the conference and advised him of the time and call-in number for the Scheduling Conference.

Following the conference, this Court issued an Order to Show Cause on March 9, 2016. *Doc. 31*. That order required Defendant Altamirano to respond by March 21, 2016, at 5:00 p.m., and to show cause why Federal Rule of Civil Procedure 16 sanctions, including default judgment against him, should not be imposed as a result of his failure and/or refusal to participate in the preparation of the JSR or to attend the Rule 16 Initial Scheduling Conference. *Id.*

Federal Rules of Civil Procedure 16(f)(1)(A), 16(f)(1)(C), and 37(b)(2)(A)(vi) authorize courts to impose sanctions, including rendering default judgment against a disobedient party for failing to appear at a scheduling or other pretrial conference or for failing to obey a scheduling or other pretrial order. In the spirit of liberally construing the submissions of a *pro se* litigant, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than default judgment may be appropriate, "so that the party does not unknowingly lose its right of access to the courts because of a technical violation," *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n.3 (10th Cir. 1992). Before entering default judgment, the Court is compelled to consider the factors set forth in *Ehrenhaus*. *See Klein-Becker USA, LLC v. Englert*, 711 F.3d

1153, 1159 (10th Cir. 2013) (applying the *Ehrenhaus* standard where the district court entered default judgment as a sanction). Those factors are:

> (1) the degree of actual prejudice to the [opposing party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant[;] (4) whether the court warned the party in advance [as to the] sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal citation omitted).

Both Plaintiff and Defendant CNA, which has asserted cross-claims against Defendant Altamirano, have been prejudiced by Defendant Altamirano's general unresponsiveness and lack of participation in this case. Counsel for these parties appeared not once but on three occasions for the meet and confer conference in an effort to accommodate Defendant Altamirano. Then, after twice requesting that the conference be rescheduled, Defendant Altamirano ultimately failed to appear or participate, making no subsequent attempts to contact counsel prior to the filing of the JSR. Then, despite counsel for Defendant CNA corresponding with him prior to the Rule 16 Initial Scheduling Conference and providing him the time and call-in number for that conference, Defendant Altamirano once again failed to appear.

Second, Defendant Altamirano's failure to appear at the Rule 16 Initial Scheduling Conference and his participate in the formulation of the JSR has interfered with the judicial process. Because of his failure to appear at the conference before the Court, Defendant Altamirano did not receive any of the Court's instruction on pretrial case management, nor was the Court able to advise him of his responsibilities as a *pro se* litigant. His absence from that conference also necessitated the filing of an Order to Show Cause.

Third, Defendant Altamirano alone is culpable for his lack of participation in this case.  He does not argue otherwise. He requested that opposing counsel reschedule the meet and confer conference on two occasions; yet, after they twice obliged, he failed to appear or otherwise touch base with them prior to the filing of the JSR. Moreover, he failed to appear at the Initial Scheduling Conference despite being advised by counsel for Defendant CNA that very day as to the time and call-in number. He also failed altogether to respond to cross-claims against him by Defendant CNA Surety.  Finally, although the Court's Notice of Electronic Filing shows that both its Order to Show Cause as well as a Guide for Pro Se Litigants were mailed to his address of record, he failed to respond in any way by the March 21, 2016 deadline. There is no indication in the file that Defendant Altamirano failed to receive either document.

Fourth, the Court expressly warned Defendant Altamirano in its Order to Show Cause that he could be subject to sanctions under Federal Rules of Civil Procedure 16(f)(1)(A), 16(f)(1)(C), and 37(b)(2)(A)(vi), including default judgment. *Doc. 31* at 2. Nevertheless, he failed to respond to the Court's Order or to make any showing as to why he should not be so sanctioned.

Finally, Defendant Altamirano's failure to participate in the formulation of the JSR and the Initial Scheduling Conference, his failure to answer or otherwise respond to Defendant CNA's cross-claims, and, most critically, his failure to respond to the Court's Order to Show Cause demonstrate an intention to abandon any defense of this case. Accordingly, lesser sanctions would not be effective and, in fact, would be a further

waste of judicial resources.  As such, entry of default judgment against Defendant Altamirano is warranted in this case.

**IT IS THEREFORE RECOMMENDED** that default judgment be entered against Defendant Altamirano pursuant to Federal Rules of Civil Procedure 16(f)(1)(A), 16(f)(1)(C), and 37(b)(2)(A)(vi) and the Court's inherent authority.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE