IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAIME MELENDEZ TORRES,

    Plaintiff,

v.                                                      No. Civ. 15-541 LH/SCY

JUAN ALTAMIRANO, *d/b/a*
CROSS COUNTRY AUTO,
CNA SURETY, *d/b/a* WESTERN
SURETY COMPANY

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant CNA Surety's Motion for Award of Damages.[1] Doc. 59. On November 10, 2016, Senior United States District Judge Leroy C. Hansen referred this matter to me to conduct a hearing and issue a report and recommendation determining the amount of damages. Doc. 56. On January 20, 2017, I held an evidentiary hearing and received evidence regarding CNA Surety's alleged damages. For the following reasons, I find that CNA Surety's Motion should be granted and that CNA Surety should be awarded $20,000 in compensatory damages and $5,538.93 in attorney's fees and costs incurred in defending this action.

**I.    Background**

On June 24, 2015, Plaintiff Jaime Melendez Torres filed suit against Defendant Juan Altamirano, doing business as Cross Country Auto (hereinafter Cross Country Auto), and CNA Surety, doing business as Western Surety Company, based on allegations that Defendant Altamirano sold Plaintiff a used vehicle which had more miles on it than the odometer, which

---

[1] Based on my review of the docket, Plaintiff also has a pending Motion for Attorney's Fees and Motion for Damages hearing. Doc. 35. However, Plaintiff has settled all of his claims against Defendants. Docs. 36, 63. Accordingly, CNA Surety's cross-claim against Defendant Altamirano is the only remaining claim in this lawsuit.

had been fraudulently tampered with, indicated.  Doc. 1.  On December 14, 2015, Defendant CNA Surety filed its answer and a cross-claim for indemnification against "Juan Altamirano d/b/a Cross Country Auto and Juan Altamirano a/k/a Juan Tamirano-Leon, personally, for Indemnification."  Doc. 9 at 1, 5.  CNA Surety alleged that Juan Altamirano and Cross Country Auto were issued a bond by CNA Surety and that Juan Altamirano signed the bond application as an indemnitor.  Doc 9 at 6.  CNA Surety alleged that the bond application provided that Cross Country Auto agreed

> To completely indemnify [CNA Surety] from and against any liability, loss, cost, attorneys' fees and expenses whatsoever which [CNA Surety] shall at any time sustain as surety or by reason of having been surety on this bond or any other bond issued for applicant and or indemnitor, or for the enforcement of this agreement, or in obtaining a release or evidence of termination under such bonds, regardless of whether such liability, loss, costs, damages, attorneys' fees and expenses are caused, or alleged to be caused, by the negligence of [CNA Surety].

Doc. 9 at 6-7.  The bond further provided that "if [CNA Surety] shall well and truly comply with the provisions of [NMSA] Section 66-4-7…then no liability shall attach to surety on this bond."  Doc. 9 at 7. CNA Surety accordingly sought indemnification for any damages awarded against CNA Surety in Plaintiff's favor, any attorneys' fees and costs, pre-judgment or post-judgment interest assessed against CNA Surety in favor of Plaintiff, and any attorney's fees and costs associated with CNA Surety's defense of Plaintiff's claims and with CNA Surety's pursuit of its cross-claim.  Doc. 9 at 7.

Defendant Altamirano did not timely file an answer to Plaintiff's Complaint. A Clerk's Entry of Default was entered against Defendant Altamirano on October 29, 2015 but later vacated at the request of Plaintiff on January 14, 2016. Docs. 7, 15.  Although Defendant Altamirano filed both an unsigned and, subsequently, a signed answer to Plaintiff's Complaint, neither he nor Cross Country Auto responded to CNA Surety's cross-claim in any way.

Accordingly, on February 16, 2016, a Clerk's Entry of Default was entered against Defendant Altamirano and Cross Country Auto as to CNA Surety's cross-claim. Doc. 22.

As more fully set out in Chief Magistrate Judge Molzen's Proposed Findings and Recommended Disposition, Defendant Altamirano's appearances in this lawsuit have been sporadic at best. *See* Doc. 32. Due to Defendant Altamirano's failure to appear at the Rule 16 Initial Scheduling Conference, Chief Magistrate Judge Molzen filed an Order to Show Cause on March 9, 2016 directing Defendant Altamirano to respond by March 21, 2016, and show cause as to why sanctions, including default judgment, should not be imposed as a result of his failure to attend the Initial Scheduling Conference. Doc. 31.  After Defendant Altamirano failed to respond to the Order to Show Cause, Chief Magistrate Judge Molzen recommended that default judgment be entered against Defendant Altamirano due to his failure to participate in the formulation of the Joint Status Report, attend the Initial Scheduling Conference, answer or otherwise respond to Defendant CNA Surety's cross-claims, or respond to the Order to Show Cause.  Doc. 32. After the time passed for objections without a response from Defendant Altamirano, Judge Hansen entered an Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition and entered a default judgment against Defendant Altamirano. Doc. 34.[2]

On May 23, 2016, Plaintiff and CNA Surety jointly moved to dismiss Plaintiff's claims against CNA Surety. Doc. 36. CNA Surety was dismissed as a defendant on June 7, 2016, but remained in the case as a cross-claimant against Defendants Altamirano and Cross Country Auto. Doc 37.  Thereafter, both Plaintiff and CNA Surety moved for damages against Defendants

---

[2] As will be discussed more fully below, neither Chief Judge Molzen's Report and Recommendation (Doc. 32) nor Judge Hansen's Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 34) specified whether their references to "Defendant Altamirano" included both Mr. Altamirano in his personal capacity and "Juan Altamirano d/b/a Cross Country Auto."  However, this is the most logical conclusion given that CNA Surety's cross-claim was filed against both these Defendants.

Altamirano and Cross Country Auto and requested a hearing. Docs. 35, 59. At a status conference held before me on November 8, 2016, all parties, including Defendant Altamirano, indicated that a hearing would be appropriate in lieu of a jury trial on damages. Doc. 55. After this status conference and before I could hold a damages hearing, however, Plaintiff settled his claims against Defendants Altamirano and Cross Country Auto. Doc. 63. Thus, on January 20, 2017, I held a damages hearing on the only remaining claim - CNA Surety's cross-claim against Defendants Altamirano and Cross Country Auto. *See* Doc. 65. Defendants Altamirano and Cross Country Auto did not respond to CNA Surety's motion for damages and also failed to appear at the damages hearing.

## II.     ANALYSIS

"A default judgment for money damages must be supported by proof." *Villanueva v. Account Discovery Systems, LLC*, 77 F.Supp.3d 1058, 1075 (D. Colo. 2015). "Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily is not." *Id.* (internal quotation marks and citation omitted). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 460 (D.N.M. 2011) (internal quotation marks and citation omitted).

As noted above, CNA Surety's entitlement to damages flows from a bond it entered into with Defendants Altamirano and Cross Country Auto. At the hearing, CNA Surety requested compensatory damages in the amount of $20,000 and attorneys' fees and costs in the amount of $5538.93. Through the testimony of Christopher Vinatieri, the claims analyst for CNA Surety

4

who handled this particular claim, CNA Surety submitted evidence that CNA Surety settled the matter with Plaintiff for $20,000. Evidentiary Hearing, Jan. 20, 2017, Audio Tr. 13:50-15:10. Mr. Vinatieri testified that based upon his review of Plaintiff's claims in this suit, this amount constituted a fair settlement of the claims. Audio Tr. 17:30. Because Defendants Altamirano and Cross-Country Auto failed to appear at the hearing, there is no evidence in the record to counter Mr. Vinatieri's testimony. Further, given the fraudulent conduct of Defendants Altamirano and Cross Country Auto and my review of the evidence presented, I agree with Mr. Vinatieri's assessment and recommend awarding CNA Surety $20,000 in compensatory damages.

Mr. Vinatieri further testified that CNA Surety hired the West Law Firm to defend CNA Surety against Plaintiff's claims. Audio Tr. 15:30. Mr. Vinatieri verified that billing invoices submitted by the West Law Firm as part of its motion for damages constituted the true and correct amounts CNA Surety paid the West Law Firm in defense of Plaintiff's claims. Audio Tr. 15:45-17:20; Doc. 59-1. I find that the $5538.93 requested is supported by the billing invoices and reasonable in light of the efforts the West Law Firm expended in defending this action.

Finally, I further recommend clarifying that the default judgment in this case is entered against both Defendant Altamirano in his personal capacity and Defendant Juan Altamirano d/b/a Cross Country Auto. Due to the redundancy of "Juan Altamirano" in both Defendants' names, there is some confusion as to whether the default judgment previously entered against "Defendant Altamirano" applied to both Defendants. I inquired regarding this issue at the hearing and, as Ms. Snow clarified, CNA Surety is seeking default judgment damages against both Juan Altamirano, in his personal capacity, and Juan Altamirano d/b/a Cross Country Auto as CNA Surety pled in its cross-claim. Audio Tr. 30:05. I recommend that the final order entered in this case reflect this important distinction.

### III. CONCLUSION

Based on the testimony presented at the hearing and the billing invoices submitted by the West Law Firm, I respectfully recommend awarding CNA Surety the full amount of its requested relief in the amount of $25,538.93 against both Juan Altamirano in his personal capacity and Juan Altamirano d/b/a Cross Country Auto.

_____
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**